IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALBERT D. SEENO, JR., <br><br>          Plaintiff, <br><br>    vs. <br><br>TAD J. PUCKETT, d/b/a <br>White Elk Ranch, <br><br>          Defendant. | 7:14CV5003 <br><br>ORDER |

This matter is before the court sua sponte.

The plaintiff filed this action on April 23, 2014, in the United States District Court for the District of Nebraska.  **See** Filing No. 1.  The plaintiff alleges jurisdiction rests in this court based on diversity of citizenship and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332.  *Id.* at 1.  Although the plaintiff seeks specific performance of the contract, the complaint alleges no specific amount of damages and states that due to "the uniqueness of the performance of this contract, Plaintiff has no adequate remedy at law."  *Id.* ¶ 14.  However, the plaintiff also alleges damages exist based on a breach of contract related to the purchase of three rams, which were priced at $20,000 each.  *Id.* ¶ 13; Ex. 3.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." **Fitzgerald v. Seaboard Sys. R.R., Inc.**, 760 F.2d 1249, 1251 (11th Cir. 1985) (**citing Philbrook v. Glodgett**, 421 U.S. 707 (1975)); **see Amnesty Int'l, USA v. Battle**, 559 F.3d 1170, 1176-77 (11th Cir. 2009).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3). "A party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court."  **281 Care Comm. v. Arneson**, 638 F.3d 621, 627 (8th Cir. 2011); **Knudson v. Sys. Painters, Inc.**, 634 F.3d 968, 975 (8th Cir. 2011) (noting burden of establishing federal subject matter jurisdiction is by a preponderance of the evidence); **Keene Corp. v. United States**, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); **James Neff**

***Kramper Family Farm P'ship v. IBP, Inc.***, 393 F.3d 828, 834 (8th Cir. 2005) (The court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'").

In this case, the face of the complaint states no specific amount of damages, but indicates the rams, which were the object of the contract, were worth $60,000. Such showing may be determinative. This is so because even if the defendant may be liable for an amount in excess of $75,000, "only the sum actually demanded is in controversy". ***Burns v. Windsor Ins. Co.***, 31 F.3d 1092, 1095 (11th Cir. 1994). "[C]onclusory allegations do not provide an adequate basis for determining this court's jurisdiction." ***Jil McCorkindale v. Am. Home Assurance Co./A.I.C.***, 909 F. Supp. 646, 656 (N.D. Iowa 1995). The plaintiff fails to show any manner in which the court could find an amount in controversy greater than the amount alleged at issue by the complaint and the contract. Accordingly, the plaintiff's complaint provides the only evidence of the amount in controversy.

The plaintiff may meet his burden "by sufficient proof that a plaintiff's verdict reasonably may exceed that amount. Likewise, this burden can be met if it is 'facially apparent that the claims are likely above [the jurisdictional minimum].'" ***Gilmer v. Walt Disney Co.***, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) (**quoting *Allen v. R & H Oil & Gas Co.***, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal citation omitted); ***Quinn v. Kimble***, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002); see ***Land v. Dollar***, 330 U.S. 731, 735 & n.4 (1947) (when determining whether subject matter jurisdiction exists, federal courts may look outside the pleadings to other evidence in the record). Further, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." ***James Neff***, 393 F.3d at 834 (**quoting *Kopp v. Kopp***, 280 F.3d 883, 885 (8th Cir. 2002)). The Eighth Circuit stated: "As we see it, the federal court has jurisdiction here unless, as a matter of law, . . . the amount of damages that [the plaintiff] could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." ***Kopp***, 280 F.3d at 885 (diversity jurisdiction was satisfied, as award, including punitive damages and damages for emotional distress, could exceed $75,000, based on nature of claim).

2

The plaintiff's claim as stated in the complaint does not meet the jurisdictional minimum. Further, the nature of the claim does not suggest a fact finder might legally and reasonably conclude the plaintiff's damages exceed the jurisdictional minimum. **See, e.g.**, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming denial of plaintiff's motion to remand as it was "facially apparent" that her claimed damages exceeded $75,000). Accordingly, the court finds the amount in controversy appears insufficient to grant this court diversity jurisdiction. The plaintiff shall have an opportunity to show cause why this matter should not be summarily dismissed.

**IT IS ORDERED:**

The plaintiff shall have to **on or before May 23, 2014**, to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

Dated this 24th day of April, 2014.

                                                    BY THE COURT:

                                                    s/ Thomas D. Thalken
                                                  United States Magistrate Judge