IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALBERT D. SEENO, JR.,<br><br>               Plaintiff,<br><br>    vs.<br><br>TAD J. PUCKETT,<br><br>               Defendant. | **7:14CV5003**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's motion to reconsider, Filing No. 20. Defendant is requesting this court to reconsider its order, Filing No. 18, that denied the defendant's motion to dismiss - as moot. The defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(4), Filing No.10. The defendant later withdrew the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4), after conceding that the defendant is the proper party to the suit. However, defendant now contends he did not mean to withdraw his motion pursuant to § 12(b)(1) and only intended to withdraw the motion pursuant to § 12(b)(4). He argues that the amount in controversy is not met in this case. The Court will grant the defendant's motion to reconsider and will decide the issue raised by defendant's § 12(b)(1) portion of the motion to dismiss.

### BACKGROUND

Plaintiff is a resident of California, Filing No. 4. The defendant Tad J. Puckett d/b/a White Elk Ranch, is a resident of Nebraska. Defendant operates White Elk Ranch providing professional hunting services specializing in exotic animals. *Id.* On or about October 4, 2012 the plaintiff sought information from the defendant regarding bighorn sheep available for hunt. *Id.* The defendant provided the plaintiff with information

regarding the rams via email, including photos of the rams, price of the rams and a proposed hunt time for the animals. *Id.* A 'summary of hunt details' was drafted, which listed the price as $20,000.00 per ram totaling $60,000.00. *Id.*

On or about November 1, 2012, the plaintiff sent the summary of hunt details together with a check for $10,000.00 as a deposit for the rams. *Id.* On or about December 4, 2013, the defendant requested an additional payment of $10,000.00 from the plaintiff. *Id.* The plaintiff did not make the payment. *Id.* The plaintiff requested additional pictures of the rams from the defendant before he would send the additional $10,000.00. *Id.* Defendant requested additional photographs of the rams on December 11, 2013 and February 3, 2014 that were not provided. *Id.* On March 25, 2014, the defendant returned the deposit of $10,000.00 and advised the plaintiff that the animals were no longer available for hunt. *Id.*

## STANDARD OF REVIEW

"Because jurisdiction is a threshold issue for the court, the district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). (quoting *Osborn v. U.S.,* 918 F.2d 724, 729 (8th Cir. 1990)). "[A] district court 'has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1).'" *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637, n.4 (8th Cir. 2003) (*quoting Osborn v. U.S.*, 918 F.2d 724, 728 n. 4 (8th Cir. 1990)).

For the court to dismiss for lack of subject matter jurisdiction under Fed. R. C. Proc. 12(b)(1), "the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

"In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider "competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Id.* Because the parties have submitted evidence in support of their respective positions, this case presents a factual jurisdictional challenge. In such a challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730. "[No] presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.*

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. As federal courts are courts of limited jurisdiction, the threshold requirement in every federal case is jurisdiction. Bradley v. Am. Postal Workers Union, 962 F.2d 800, 802 n. 3 (8th Cir.1992). Generally, the party asserting federal jurisdiction has the burden of establishing federal jurisdiction; including the requisite federal jurisdictional amount-in-controversy. *See* Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir.2000) (reversed on other grounds) ("[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."). "[The] complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount." *Id.* The fact-finder must legally

3

conclude, from the pleadings and proof adduced to the court before trial, that the amount of damages exceeds $75,000.00. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir.2002). An amount that a plaintiff claims is not "in controversy" if no fact-finder could legally award it. Villas v. Peak Interests, 2006 WL 3253472 *2 (D. Neb. 2006).

## DISCUSSION

In determining whether this court has the power to hear this case, the court has reviewed the "summary of hunt details" attached as Exhibit 3 to the amended complaint, Filing No. 4-1 at p.15 Attachment 1, Exhibit 3. The "summary of hunt details" lists three (3) rams to be hunted, each worth $20,000.00. In sum, the contractual amount of the rams equates to $60,000.00. The requested judgment of the amended complaint, Filing No. 4, is specific performance to enforce the original contract between the parties. As such, the plaintiff is only demanding performance of a contract with an uncontroverted value of $60,000.00. The Court notes for the record that plaintiff alleged there existed the same "type" of rams which are valued at $30,000.00 as of April 25, 2014 that were available for kill. See Filing No. 4, Amended Complaint, at 3-4. Plaintiff argues that in essence he could meet the $75,000.00 jurisdictional requirement by using the numbers associated with these different rams. However, the Court agrees with the defendant that this attachment is not relevant. First, this document is dated nearly two years after the contract was entered into, and second, these are not the same rams in any event. The contract itself clearly contemplates three rams for a total of $60,000.00.

When the amount in controversy is challenged, the party invoking federal jurisdiction must prove by a preponderance of evidence that they are entitled to recover the amount required by §1332 or face dismissal. Drobnak v. Andersen Corp., 561 F.3d

778, 786 (8th Cir. 2009). Once jurisdiction is challenged if the court is satisfied to a legal certainty that the plaintiff was never entitled to recover the amount required to establish diversity jurisdiction, in this case $75,000.00, the suit must be dismissed. State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995). The Court finds this matter must be dismissed because specific performance of a $60,000.00 contract does not satisfy the necessary amount in controversy.

THEREFORE, IT IS ORDERED THAT defendant's motion to reconsider, Filing No. 20, is granted. IT IS FURTHER ORDERED THAT defendant's motion to dismiss, Filing No. 10, is granted. A separate judgment will be entered in conjunction with this memorandum and order.

Dated this 23rd day of February, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge